### KEITH *v.* THE STATE.

The fact that a bailiff of the city court privately advised the accused to enter a plea of guilty, and that he acted upon this advice, is no ground for a new trial, it appearing that the court fully explained to the accused his legal rights, and that he deliberately entered the plea of guilty under circumstances that would charge him with knowledge of its consequences.          *Judgment affirmed.*
October 9, 1893.

Indictment for disturbing divine worship. Before Judge WILLIAMSON. City court of Monroe county. Special term, April 25, 1893.

The indictment referred to the same time and place as that in the preceding case. The court certifies that Keith was present in the court-room during the entire trial of Vaughn, and was familiar with the result of Vaughn's trial before he was tried. He was offered counsel by the court, and refused to allow counsel to be appointed for him or to employ any himself, saying he would represent himself. He waived jury, and said he wanted the thing over and wished the judge to try him at once.

He was formally arraigned, and when asked if he was guilty or not guilty said: "I was guilty of a part of it." The court had the indictment read over again for him, explained to him fully its meaning, and told him he must either plead guilty or not guilty, or, if he preferred to remain silent and not reply at all, the court would have a plea of not guilty entered and go ahead and try him. He then said he would plead guilty. There could have been no misunderstanding; everything was ex‑plained to him. He was given a similar sentence to that of Vaughn ($25 fine, or eight months in the chain-gang). He moved for a new trial on the general grounds, and because the plea of guilty was made under a mis-apprehension of the facts, he having been misled by Williamson, the bailiff of the court, by whom he was deceived into believing that if he entered the plea he would be discharged without punishment. Also, because the judgment is contrary to law, for the reason that he did not intend to plead guilty to the offence with which he was charged, but only that he was guilty of having a disturbance at the spring about 300 yards from the church. He made similar allegations as to the miscon‑duct of the bailiff, and referred to the same affidavits in support thereof, as were made in the Vaughn case.

W. D. STONE, for plaintiff in error. M. W. BECK, solicitor-general, and O. H. B. BLOODWORTH, contra.